UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-11753-WHD |
| | ) | |
| JOSEPH NEVIN SMITH, | ) | CHAPTER   7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

NEIL C. GORDON'S MOTION FOR EXTENSION OF
TIME TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY
OF CERTAIN DEBTS AND/OR OBJECT TO DISCHARGE

COMES NOW, Neil C. Gordon, Chapter 7 Trustee ("Trustee Gordon") for the bankruptcy estate of Joseph H. Harman (the "Harman Estate"), by and through counsel, and files *Trustee's Motion for Extension of Time to File Complaint to Determine Dischargeability of Certain Debts and/or Object to Discharge* (the "Motion"). Trustee Gordon respectfully requests that the Court extend the deadlines for the Harman Estate to file any complaint to determine the dischargeability of certain debts under 11 U.S.C. § 523 and/or any complaint objecting to Debtor's discharge under 11 U.S.C. § 727 until April 30, 2014, and shows the Court the following:

### I.     PROCEDURAL POSTURE

1. Joseph Nevin Smith (the "Debtor") filed this Chapter 7 petition on July 8, 2013 (the "Petition Date"), initiating case no. 13-11753-WHD (the "Case").

2. Debtor's meeting of creditors pursuant to 11 U.S.C. § 341(a) was originally scheduled for August 22, 2013, was first held on August 29, 2013, and has been continued twice. Debtor's Section 341 meeting is currently scheduled to be completed on October 24, 2013.

1

3. The current deadline to file a complaint under 11 U.S.C. § 523 to determine dischargeability of certain debts is October 21, 2013, pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The current deadline to file a complaint under 11 U.S.C. § 727 objecting to discharge is October 21, 2013, pursuant to Rule 4004 of the Bankruptcy Rules.

5. Therefore, this Motion is timely filed.

## II. THE HARMAN BANKRUPTCY

6. On June 14, 2011, Joseph H. Harman ("Mr. Harman") filed a Chapter 7 bankruptcy, initiating Case No. 11-67522-mhm (the "Harman Bankruptcy"). Debtor filed the Harman Bankruptcy on behalf of Mr. Harman and is Mr. Harman's bankruptcy counsel. Trustee Gordon serves as the Chapter 7 trustee in the Harman Case.

7. On August 15, 2013, unaware of this Case, Trustee filed his *First Amended Complaint* [Docket No. 19] (the "First Amended Complaint") in Adversary Proceeding No. 13-05211-mhm (the "Harman Adversary Proceeding") naming Debtor and Debtor's law firm, Smith Conerly LLP ("Smith Conerly"), as defendants.

8. Among other things, the First Amended Complaint alleges that merely weeks before filing the Harman Bankruptcy: (i) Debtor and Smith Conerly actively assisted Mr. Harman in hiding assets from Mr. Harman's creditors; and (ii) Debtor and Smith Conerly received approximately $89,000 in funds belonging to Mr. Harman, which were not scheduled or otherwise reported either in Mr. Harman's Statement of Financial Affairs, or Smith Conerly's Rule 2016 statement of fees in the Harman Bankruptcy. Trustee Gordon's allegations are supported by numerous documents,

which are attached to the First Amended Complaint. A true and correct copy of the First Amended Complaint is attached to this Motion as Exhibit "A."

9. Accordingly, Trustee Gordon, on behalf of the Harman Estate, is a creditor of Debtor. Prior to October 11, 2013—date of this filing— Debtor had not scheduled Trustee Gordon or the Harman Estate as creditors in this Case. [*See* Docket No. 28].

### III.    RELIEF REQUESTED

10. Trustee Gordon did not receive any notice that Debtor had filed this Case until October 7, 2013, when Debtor asserted the pendency of this case as an affirmative defense in his Answer to the First Amended Complaint.

11. In furtherance of his duties as Trustee of the Harman Estate, Trustee Gordon intends to pursue relief against Debtor. However, because discovery has not commenced in the Harman Adversary Proceeding, Trustee Gordon is currently unaware of the full extent of Debtor's alleged fraud.

12. Therefore, Trustee Gordon respectfully seeks an extension until April 30, 2014 of the deadline to file any complaint to determine the dischargeability of certain debts under 11 U.S.C. § 523 and/or any complaint objecting to Debtor's discharge under 11 U.S.C. § 727.

13. This extension parallels the extension requested by the Chapter 7 Trustee in this Case. Specifically, the Chapter 7 Trustee filed a Motion seeking entry of an order extending the deadline for the Chapter 7 Trustee and/or the U.S. Trustee to file a complaint objecting to discharge under 11 U.S.C. § 727 until April 30, 2013. [Docket No. 27].

14. Trustee Gordon support this request, and requests a commensurate extension of the deadlines for the Harman Estate to file any complaint to determine the dischargeability of certain

debts under 11 U.S.C. § 523 and/or any complaint objecting to Debtor's discharge under 11 U.S.C. § 727.

WHEREFORE, Trustee Gordon prays that the Court:

(a) grant this Motion;

(b) enter an order extending the deadline for Trustee Gordon to file any complaint to determine dischargeability of certain debts under 11 U.S.C. § 523 until April 30, 2014; and

(c) enter an order extending the deadline to file any complaint objecting to Debtor's discharge under 11 U.S.C. § 727 until April 30, 2014; and

(d) grant Trustee Gordon such other and further relief as the Court deems just and proper.

DATED: October 11, 2013

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

By: /s/ Sean C. Kulka
Sean C. Kulka, Georgia Bar No. 648919
Theresa Y. Kananen, Georgia Bar No. 478998
171 17th Street NW. Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8500
sean.kulka@agg.com
theresa.kananen@agg.com

*Attorneys for Neil C. Gordon, Chapter 7 Trustee of Harman Estate*

6009760v1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the following parties with a true and correct copy of the foregoing *Neil C. Gordon's Motion for Extension of Time to File Complaint to Determine Dischargeability of Certain Debts and/or Object to Discharge* by depositing same in the United States Mail, postage prepaid, addressed to:

| | |
|---|---|
| Office of the United States Trustee<br>362 Richard B. Russell Building<br>75 Spring Street, SW<br>Atlanta, GA 30303 | Joseph Nevin Smith<br>402 Newnan Street<br>Carrollton, Georgia 30117 |
| Lysander A. Woods<br>Post Office Box 1427<br>Lilburn, Georgia 30048 | Joseph Nevin Smith<br>107 Sunset Court<br>Carrollton, Georgia 30117 |
| Victor Cornell Clayborne<br>2787 Morgan Farm Court<br>Buford, Georgia 30519 | Charles S. Conerly<br>Smith Conerly LLP<br>402 Newnan Street<br>Carrollton, Georgia 30117 |
| Cynthia Richardson Clayborne<br>2787 Morgan Farm Court<br>Buford, Georgia 30519 | James G. Baker<br>Chapter 7 Trustee<br>James G. Baker, P.C.<br>305 North Greenwood Street<br>LaGrange, Georgia 30240 |

This 11th day of October, 2013.

/s/ *Sean C. Kulka*
Sean C. Kulka

6009760v1